94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert HUNTER; Anthony Bonifacic; and Linda Cromer,
Plaintiffs-Appellants,
v.
UNION CORPORATION; Gordon Dunn; and Kent Wigton,
Defendants-Appellees.
 No. 95-15850.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1996.
Decided Aug. 7, 1996.
 
 Before: WOOD, Jr.,* CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Hunter, Anthony Bonifacic, and Linda Cromer (collectively, "Hunter"), sales managers for a division of Union Corporation, filed a RICO action against Union Corporation and two of its officers (collectively, "Union") pursuant to 18 U.S.C. §§ 1962(c) and 1964(c). Hunter's complaint alleged that Union had misrepresented their status to the IRS by identifying them as independent contractors when they are allegedly employees. Hunter claims that they were thereby wrongfully required to pay self-employment taxes and denied employee benefits. We presume that the parties are familiar with the facts and procedural history of this matter, so we will proceed directly to a discussion of the issues in dispute.
 
 I.
 
 3
 Union argues at the threshold that Hunter's appeal is untimely under Fed.R.App.P. 4(a)(4). The district court dismissed Hunter's complaint without leave to amend on January 4, 1995, and it denied Hunter's motion for reconsideration on April 3, 1995. A second order, modifying the denial of the motion to reconsider, was filed on April 12, 1995. Hunter filed their notice of appeal on May 5, 1995. Thus, the notice of appeal was filed thirty-two days after the entry of the district court's first order.
 
 
 4
 Hunter, however, contends that timeliness is properly determined here with regard to the date of the second modified order. The Supreme Court has provided the following test to resolve such questions:
 
 
 5
 [T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought.... The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.
 
 
 6
 FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211, 212 (1952) (footnotes omitted). Therefore, we must survey the legal landscape as it existed after entry of the first order and then determine whether the second order served to "disturb[ ] or revise[ ]" the parties' rights and obligations.
 
 
 7
 In its first order, the district court treated Hunter's Rule 59(e) motion as filed under Rule 60(b) since the court believed that the motion had been filed outside of the ten-day time limit required for a Rule 59(e) motion. The court then discussed the requirements for granting a Rule 60(b) motion and found them to be lacking.
 
 
 8
 In its second order, issued in response to a letter from Hunter, the court concluded that Hunter's Rule 59(e) motion had, in fact, been filed within the requisite ten-day limit. While acknowledging that Rule 59(e) imposes a more lenient standard than Rule 60(b), the court nonetheless denied the motion for the reasons provided in its first order.
 
 
 9
 Union argues that this second order did not sufficiently "disturb[ ] or revise[ ]" the legal rights of the parties since the second order merely confirmed the denial of Hunter's motion. However, as Hunter contends, the second order did serve to revise their legal rights in one important respect. The first order denied Hunter's motion pursuant to Rule 60(b) and "[a]n appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). In contrast, the second order's reliance on Rule 59 does allow Hunter to appeal the underlying order dismissing the first amended complaint. We conclude that this change, while not dramatic, did serve to "revise[ ]" the legal rights of the parties and thus satisfied the Minneapolis-Honeywell test.
 
 II.
 
 10
 The next issue concerns the district court's decision to dismiss Hunter's first amended complaint without leave to amend pursuant to Rule 12(b)(6). As we have stated, "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir.1991). The district court held that Hunter's complaint primarily suffers from two incurable deficiencies: (1) Hunter lacks standing since their complaint failed to allege a sufficiently direct injury; and (2) Hunter's complaint is barred by the statute of limitations. We will address the statute of limitations ground first.
 
 
 11
 The applicable statute of limitations is four years, yet Hunter alleges in its complaint that Union's alleged misrepresentations commenced in 1975. Hunter has offered two theories to excuse their delay. In their first amended complaint, Hunter alleged that they were not aware of Union's alleged misdeeds until 1993. The district court, however, concluded that Hunter had failed to adequately demonstrate delayed discovery. Then, in their motion for reconsideration, Hunter raised the "separate accrual rule." The district court rejected this argument on the ground that it "does not constitute the law of the circuit."
 
 
 12
 Subsequent to the district court's denial of Hunter's motion for reconsideration, however, we held that the separate accrual rule is the law of the circuit. Grimmett v. Brown, 75 F.3d 506, 511 (9th Cir.), cert. granted, 116 S.Ct. 2520 (1996). The separate accrual rule "provides that a new cause of action accrues for each new and independent injury, even if the RICO violation causing the injury happened more than four years before." Id. at 510.
 
 
 13
 Under this rule, therefore, injuries within the limitations period must be "new and independent" from the injuries arising outside of the limitations period. Grimmett, 75 F.3d at 512-14. Here, however, Hunter simply alleges "that during the years from approximately 1975 through 1994, defendants continued to file false reports with the IRS to avoid paying their employer's contributions for FICA payments and withholding taxes." Hunter offers nothing to distinguish those allegedly false reports filed inside of the limitations period from those filed outside of the limitations period. Therefore, the separate accrual rule is inapplicable here[1] and we uphold the district court's conclusion that the untimeliness of Hunter's complaint is an incurable defect. Accordingly, we need not determine whether Hunter has alleged a sufficiently direct injury.
 
 III.
 
 14
 Hunter last argues that the district court erred by denying their Rule 59(e) motion to reconsider. We review a district court's denial of a Rule 59(e) motion for abuse of discretion. United States v. RG & B Contractors, Inc., 21 F.3d 952, 954 (9th Cir.1994). As discussed above, the district court's conclusion that Hunter's claim is incurable is not erroneous. Therefore, the district court did not abuse its discretion when it denied Hunter's motion for reconsideration.
 
 IV.
 
 15
 For the reasons discussed above, we affirm the decision of the district court.
 
 
 16
 Affirmed.
 
 
 
 *
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is true that the Supreme Court has granted certiorari in Grimmett. However, we conclude that the result obtained here would be the same under any of the conflicting circuit decisions on this issue